William J. Regan, S.
The will of the above decedent was admitted to probate on June 17, 1968 after a will contest and jury’s verdict sustaining same. It appears that there is presently a gross estate for distribution of over $100,000. Included in this amount are parcels of real property in the City of Lackawanna subject to the following paragraphs of the will:
“fourth: I give and devise to my son, aloysius sieminski, if he shall survive me all my property which constitutes that part of the Sunset Trailer Park on South Park Avenue, Lackawanna, and the office and gasoline station together with the land on which it is located on South Park Avenue, Lackawanna.
‘ ‘ fifth : I direct that all my property which constitutes that part of the Sunset Trailer Park which is on Van Wyclc Street, Lackawanna be divided in four equal shares and I give and devise one full share to my deceased son’s wife, frieda bojanowski, and my grandchildren, dennis sieminski and bonita sieminski; one full share to my son, Theodore sieminski; one full share to my daughter, Adeline wieszolek ; one full share to my daughter, Virginia conroy.”
*293 No one disputes that these are specific devises of the properties mentioned. However, Ralph M. Hornlein as guardian ad litem contends that the tenor of the will specifically referring to paragraph third indicated that the testator intended to charge general legacies against the real property so specifically devised. The language in paragraph third upon which the guardian ad litem relies is as follows: “ third : I give, bequeath and devise to my son, Alois siemihski, as Trustee one third of all the rest, residue and remainder of the property which I may own at my death, real and personal to hold, administer and distribute the net income derived therefrom, in quarterly or other convenient installments to my wife, ahha siemihski, or apply the same for her benefit so long as she shall live. After the death of my wife, ahha siemihski, I direct the corpus of this trust to be added to all the rest, residue and remainder of the property which I may own at my death to insure distribution of my estate according to the devises and bequests in the following paragraphs of my Will.”
Section 47-d of the Decedent Estate Law, which was in effect at the time of testator’s death, states:
“ § 47-d. Payment of general legacies out of real property not specifically devised. If the personal property of a testator is insufficient for full payment of his general legacies so much of his real property not specifically devised as shall be necessary for payment of the balance shall be sold and the proceeds used for such payment unless the will shall contain an express direction to the contrary.
“ The provisions of this section shall apply only to wills executed after August thirty-first, nineteen hundred forty-seven.”
The court’s interpretation of paragraph third differs from Mr. Hornlein’s view and therefore is of the opinion that the specifically devised realty should not be charged with payments of general legacies.
The court has been advised that the personal property of the estate will approximate the debts, expenses of administration, the sum necessary to settle the widow’s elective share, etc., so that the general legacies will have to abate accordingly. If it becomes necessary there may be an invasion of the specific devises for the payment of funeral and administration expenses.
A further question was also considered upon the arguments herein. The Federal and New York State income tax refunds for 1967, $1,511.73 and $760, respectively, are claimed by the estate and also by the surviving widow. These income tax returns were filed jointly by husband and wife. In the court’s *294 opinion any refunds are to be considered joint and several and unless there is some different determination by the Government will hold that the refunds should be divided equally between the estate and the surviving widow.
The court has been advised of the fact that there is a settlement pending in this matter relating to the widow’s election and the construction problem. With the determination as made herein the court will order that the legal representative file an accounting and judicially settle same, embracing these findings.